IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA        )
                                )
v.                              )        CR. NO. 1:06cr443-MEF-CSC
                                )                (WO)
ROBERT KNIGHT                   )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On October 25, 2006, Robert Knight ("Knight") was charged in a single count

indictment of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

(Doc. # 1).  After several adverse rulings on his pre-trial motions,[1] Knight proceeded to a

bench trial on stipulated facts wherein the court found Knight guilty.  *See* Doc. # 60 & 61.

On December 21, 2007, Knight was sentenced to a term of imprisonment of 120 months, a

term of supervised release of three years and a special assessment of $100.00.  (Doc. #

67).  Knight appealed his conviction on December 30, 2007.[2]  Although the Eleventh Circuit

---

[1]  Knight filed two motions to suppress (docs. # 12 & 14), three motions to dismiss for speedy trial violations or pretrial delay (docs. # 19, 27 & 31) and a motion to dismiss the indictment for a violation of the Interstate Agreement on Detainers Act.  (Doc. # 37).  On July 2, 2007, the court adopted the Recommendation of the Magistrate Judge and denied the motions to suppress and the motions to dismiss based on speedy trial violations or delay.  (Doc. # 38).  On August 9, 2007, the court denied the motion to dismiss for violation of the Interstate Agreement on Detainers Act.  (Doc. # 56).

[2]  On direct appeal of his conviction, Knight raised several issues:

Knight challenges the denial of his motion to suppress, the sufficiency of the evidence against him, and the denial of his motions to dismiss his indictment with prejudice for violations of the right to a speedy trial under the Sixth Amendment, the Speedy Trial Act, and the Detainers Act, and the right to Due Process under the Fifth Amendment.

*United States v. Knight*, 562 F.3d 1314, 1319 (11th Cir. 2009).

1

affirmed Knight's conviction, it remanded the case to the District Court for re-sentencing.[3] *United States v. Knight*, 562 F.3d 1314, 1329 (11th Cir. 1995).  A petition for a writ of certiorari was then filed in the United States Supreme Court which was denied on October 5, 2009.  *Knight v. United States*, 558 U.S. 871 (2009).

On remand, the district court resentenced Knight to ninety-two (92) months and nineteen (19) days imprisonment to run concurrently with his state sentence.  (Doc. # 91). The amended judgment was entered on October 28, 2009.  (*Id*.)  On October 30, 2009, based on a clear error in calculating the sentence, the district court adjusted Knight's sentence to a term of imprisonment of ninety five (95) months and seventeen (17) days. (Doc. # 92).  Knight unsuccessfully appealed his sentence. *United States v. Knight*, 385 Fed. Appx. 936 (11th Cir. 2010).

On November 30, 2011, Knight filed a motion for relief pursuant to 28 U.S.C. § 2255.  Knight raises two claims in his motion.  First, Knight alleges that he was deprived of a fair sentencing hearing in violation of his due process rights under the Fifth Amendment to the United States Constitution because of the trial judge's "admitted mental health

---

Knight also challenged his sentence.  Specifically, he argued that

the district court erred (1) when it failed to reduce his sentence for acceptance of responsibility, (2) when it calculated his criminal history category, and (3) when it calculated his sentence.

*Id*., at 1328.

[3] The Court concluded that Knight was entitled to credit for time served in state custody.  The District Court was instructed to "adjust Knight's sentence for time served in state custody for his conviction for obstruction of justice."  *Knight*, 562 F.3d at 1329.

impairments and possible use of illegal drugs." (Doc. # 108 at 6). Knight also alleges that he was denied a fair sentencing hearing in violation of his due process rights under the Fifth Amendment to the United States Constitution because the sentencing judge was "biased against African-American males." (*Id*. at 11).

Upon consideration of Knight's § 2255 motion, the pleadings, and the record, the court concludes that the motion for relief pursuant to § 2255 should be denied. The court further concludes that no evidentiary hearing is required in this case.[4]

## DISCUSSION

### A. General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are extremely limited. A petitioner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass

---

[4] "A petitioner is entitled to an evidentiary hearing if he alleges facts which, if true, would warrant habeas relief." *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). It is the petitioner's responsibility to demonstrate that he is entitled to a hearing. "A petitioner is not entitled to an evidentiary hearing, however, 'when his claims are 'merely conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible.'" *Id*. The petitioner points to no facts, nor presents any, which if true, would entitle him to relief. Rather, he relies on unsupported allegations of possibilities and speculation.

of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice."  *Id.* at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice").  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier* provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent...."  477 U.S. 478, 496 (1986).

## B.  Procedural History

After considering Knight's first direct appeal, on March 25, 2009, the Eleventh Circuit reversed Knight's sentence and remanded "with instructions that the district court adjust Knight's sentence for time served in state custody for his conviction for obstruction of justice." *United States v. Knight*, 562 F.3d 1314, 1329 (11th Cir. 2009).  The Eleventh Circuit reiterated its mandate.

> We AFFIRM Knight's conviction, VACATE his sentence, and REMAND to the district court with instructions to reduce Knight's sentence based on the time he served in state custody.

4

*Id*.

On May 27, 2009, the court made the mandate the judgment of the court (doc. # 86). On October 27, 2009, the court imposed on Knight the original sentence of one hundred and twenty (120) months but credited Knight for the time he served in state custody which resulted in Knight receiving a sentence of ninety-two (92) months and nineteen (19) days in accordance with the mandate from the Eleventh Circuit.  *See* Doc. # 99 at 14.  On October 30, 2009, the court corrected a clear error in the calculation of Knight's sentence and sentenced him to ninety-five (95) months and seventeen (17) days imprisonment.  Knight appealed this amended sentence contending that it was "substantially unreasonable."  The Eleventh Circuit specifically addressed Knight's sentencing issues and affirmed his sentence.  *United States v. Knight*, 385 Fed. Appx. 936 (11th Cir. 2010).

Knight now challenges the 2007 and 2009 sentencing proceedings.  He contends that he was denied due process in violation of the Fifth Amendment during both sentencing hearings because "[it] is clear . . . that [the trial judge] was severely impaired during 2007 and 2009, when he presided over Mr. Knight's sentencing hearings." (Doc. # 108 at 10).  Knight also alleges that the trial judge was racially biased against him during the 2009 sentencing proceeding because the trial judge "inquired at the re-sentencing hearing whether he was authorized to increase the sentence."  (*Id*. at 13).

C.    **2009 Sentencing Hearing**

The court first addresses the 2009 sentencing hearing.  Knight argues that the trial

judge's question regarding whether he was authorized to increase Knight's sentence demonstrates that the trial judge was racially biased against African-American men in general and him in particular.  The court disagrees.  Regardless of the court's question at the  2009 sentencing hearing, the trial judge was constrained by the mandate to "adjust Knight's sentence for time served in state custody."  *Knight*, 562 F.3d at 1329.

> A district court when acting under an appellate court's mandate, "cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded."  *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895); *Sibbald v. United States*, 37 U.S. (12 Pet.) 488, 492, 9 L.Ed. 1167 (1838).

*Litman v. Massachuesetts Mut. Life Ins. Co.*, 825 F.2d 1506, 1510-11 (11th Cir. 1987) (en banc).  *See also United States v. Irey*, 458 Fed. Appx. 854, 855 (11th Cir. 2012) *quoting United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996).  When the appellate court issues a limited mandate, "the trial court is restricted in the range of issues it may consider on remand."  *Irey*, 458 Fed. Appx. at 855 *quoting United States v. Davis*, 329 F.3d 1250, 1252 (11th Cir. 2003).  *See also U.S. v. Rodriguez,* 259 Fed. Appx. 270, 278-279 (11th Cir., 2007)  "Ruling on matters outside the scope of a limited remand constitutes an abuse of discretion."  *Irey*, 458 Fed. Appx. at 855.  *See also United States v. Brown*, 138 Fed. Appx. 180, 182 (11th Cir. 2005).

On remand, the district court was limited by the mandate to "reduce Knight's sentence based on the time he served in state custody."  *Knight*, 562 F.3d at 1329.  There

is no dispute that the trial court did just that in accordance with the mandate.  Consequently,

Knight's arguments that his constitutional rights to due process under the Fifth Amendment

were somehow violated during the 2009 sentencing hearing are meritless because the court

did the only thing it was authorized to do under the limited remand from the appellate court.

> Our remand was limited, then, to the narrow issue of which of these offenses
> had the district court found beyond a doubt was the object of the conspiracy
> which determined the defendants' sentences.  Accordingly, defendants'
> argument that the district court was required to conduct additional factfinding
> proceedings is meritless because the district court was not permitted to
> engage in such inquiries under our mandate. *See United States v. Davis,* 329
> F.3d 1250, 1252 (11th Cir.) (per curiam) (affirming district court's refusal to
> conduct de novo proceedings on resentencing because mandate limited the
> permissible inquiry on remand), *cert. denied,* 540 U.S. 925, 124 S.Ct. 330,
> 157 L.Ed.2d 225 (2003).

*U.S. v. Lindsey,* 200 Fed. Appx. 902, 908 (11th Cir. 2006).  Because the trial court did

precisely was it was directed to do by the appellate court, Knight's claim that the court was

racially biased against him entitles him to no relief.

### D.    2007 Sentencing Hearing

Knight also asserts that the trial judge was mentally impaired and racially biased

against African-American males during his 2007 sentencing proceeding.  It is beyond

dispute that the Due Process Clause of the requires a fair, unbiased tribunal.  "A fair trial

in a fair tribunal is a basic requirement of due process.  Fairness of course requires an

absence of actual bias in the trial of cases." *In re Murchison*, 349 U.S. 133, 136 (1955).

*See also Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Tanner v. United States*, 483 U.S.

7

107, 126 (1987); *Peters v. Kiff*, 407 U.S. 493, 501 (1972).  "The Due Process Clause

demarks only the outer boundaries of judicial disqualification." *Caperton v. A.T. Massey*

*Coal Co., Inc.*, 556 U.S. 868, 889 (2009).

In *Caperton*, the Court reiterated that "most matters relating to judicial

disqualification [do] not rise to a constitutional level."  556 U.S. at 876 quoting *FTC v.*

*Cement Institute*, 333 U.S. 683, 702 (1948).   And, "not every attack on a judge  . . .

disqualifies him from sitting."  *Caperton*, 556 U.S. at 881.  The court must look to

> objective standards that require recusal when "the probability of actual bias
> on the part of the judge or decision maker is too high to be constitutionally
> tolerable."

*Id*, at 872 quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975).

One circumstance which requires recusal under the Due Process Clause involves a

judge who has a direct pecuniary interest in the outcome of the case. *See Tumey v. Ohio*,

273 U.S. 510, 532 (1927) ("Every procedure which would offer a possible temptation to the

average man as a judge to forget the burden of proof required to convict the defendant, or

which might lead him not to hold the balance nice, clear and true between the State and the

accused, denies the latter due process of law.")  "The second instance requiring recusal .

. . emerged in the criminal contempt context, where a judge had no pecuniary interest in the

case but was challenged because of a conflict arising from his participation in an earlier

proceeding." *Caperton,* 556 U.S. at 880.

In this case, Knight makes no allegation that the trial judge had a financial or

"pecuniary" interest in this case.  In addition, Knight does not allege that the trial judge had a conflict from participation in an earlier proceeding.  *See Caperton*, 556 U.S. at 880 ("[N]o judge is permitted to try cases where he has an interest in the outcome.")  While "the Due Process Clause has been implemented by objective standards that do not require proof of actual bias," due process does require "extreme facts that create[] an unconstitutional probability of bias."  *Id*. at 883 & 886.

In the context of judicial impairment or incompetence, neither the United States Supreme Court nor the Eleventh Circuit Court of Appeals have delineated the standard a petitioner must meet to establish that his due process rights to a fair tribunal have been violated.  However, in *Jordan v. Massachusetts*, the Supreme Court examined the question of juror insanity, and concluded that a demonstration by a "fair preponderance of the evidence" was not sufficient to establish a due process violation.  225 U.S. 167, 174 (1912).

> Due process implies a tribunal both impartial and mentally competent to afford a hearing.  But to say that due process is denied when a competent state court refuses to set aside the verdict of a jury because the sanity of one of its members was established by only a preponderance of evidence would be to enforce an exaction unknown to the precedents of the past, and an interference with the discretion and power of the state not justified by the demands of justice, nor recognized by any definition of due process.

*Jordan,* 225 U.S. at 176.  In addition, the Fourth Circuit Court of Appeals suggests that a defendant must demonstrate by "clear and convincing evidence," that a juror was mentally incompetent to serve.  *See United States v. Hall*, 989 F.2d 711, 714 (4th Cir. 1993).

9

As the law has developed in the areas of judicial bias and juror incompetence, there is no clear answer as to what constitutes a due process violation.  However, in this case, the court concludes that Knight has failed to meet his burden of demonstrating that his 2007 sentencing hearing was constitutionally infirm.  This is not a case of "extreme facts" wherein due process demanded the trial judge's recusal.  *See Caperton*, 556 U.S. at 887 (in each case in which the Court has required recusal, the case involved "extreme facts that created an unconstitutional probability of bias that "'cannot be defined with precision'") (quoting *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 822 (1986).  Knight was found guilty after a bench trial based solely on stipulated facts.  The trial court was not required to make credibility findings or resolve disputed issues of fact.  This court has also thoroughly reviewed the sentencing transcript.  At no time did the trial judge act inappropriately, or respond irrationally during the proceeding.  During the hearing, the court asked cogent questions, and followed complex legal arguments regarding the sentencing guidelines.  The trial judge explained his rulings on objections to Knight's pre-sentence report in which he overruled the government's objections and declined to apply an additional three (3) points to Knight's criminal history.  The judge referenced case law, compared different statutes, and recalled specific facts from earlier proceedings.  Consequently, the court concludes that Knight's claims against the trial judge do not rise to the level of a due process violation.

Knight relies on statements by the trial judge about his own mental capacity and impairments during criminal proceedings against the trial judge to suggest that the trial

10

judge was impaired during Knight's proceedings.[5]   However, Knight fails to identify any facts, nor are there any to suggest, that the trial judge was impaired during any of Knight's criminal proceedings, including his 2007 sentencing hearing.   In reviewing the sentencing hearing, the court is unable to identify any basis for concluding that the trial judge's mental acuity was impaired.   While Knight was sentenced to the statutory maximum of one hundred and twenty (120) months imprisonment, it is undisputed that the sentencing guideline range for Knight was 120 to 150 months of imprisonment, and the sentence was at the lowest end of the sentencing guideline range.   Knight's cursory assertion that the trial court was impaired or racially biased against him is simply insufficient without more to sustain his claim that his due process rights were violated.   Knight has failed to demonstrate that this is a case of "extreme facts" that suggest "an unconstitutional probability of bias" by the trial judge.   *Caperton*,   556 U.S. at 886.   "Ordinarily, we presume that public officials "'have properly discharged their official duties,'"   *Bracy*, 520 U.S. at 909, and the court concludes that Knight has failed to overcome the presumption that the trial judge properly discharged his official duties.   *Id*.

## CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that the defendant's motion for relief pursuant to 28 U.S.C. § 2255 (doc. # 108) be denied.   It is further

---

[5]  Knight describes in detail the district judge's mental impairments in his § 2255 motion.  (Doc. # 118).

ORDERED that the parties shall file any objections to the said Recommendation on or before **June 14, 2013.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 31st day of May, 2013.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE